**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON**

**CIVIL ACTION NO. 17-237-DLB**

**DAVID M. GREGORY, JR.**                                            **PLAINTIFF**

**vs.**                    **MEMORANDUM OPINION AND ORDER**

**NANCY A. BERRYHILL,
Commissioner of Social Security**                              **DEFENDANT**

\* \* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record, will **affirm** the Commissioner's decision, as it is supported by substantial evidence.

**I.**      **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On August 13, 2014, Plaintiff David M. Gregory, Jr. filed an application for disability insurance benefits ("DIB") and supplemental security income ("SSI"), alleging disability beginning on November 15, 2013. (Tr. 184-99). Specifically, Plaintiff alleged that he was limited in his ability to work due to "back problems" and "breathing problems." (Tr. 240).

Plaintiff's claims were denied initially and on reconsideration. (Tr. 66-67, 110-15, 125-31). At Plaintiff's request, an administrative hearing was conducted on February 22, 2016, before Administrative Law Judge ("ALJ") George M. Bock. (Tr. 35-51). On July 13, 2017, ALJ Bock ruled that Plaintiff was not entitled to benefits. (Tr. 16-34). This decision became the final decision of the Commissioner when the Appeals Council denied review

1

on July 24, 2017. (Tr. 1-6).

On August 31, 2017, Plaintiff filed the instant action. (Doc. # 1). This matter has culminated in cross-motions for summary judgment, which are now ripe for the Court's review. (Docs. # 11 and 13).

## II. DISCUSSION

### A. Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether the decision is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *Id.* Rather, the Court must affirm the Commissioner's decision, provided it is supported by substantial evidence, even if the Court might have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). If supported by substantial evidence, the Commissioner's findings must be affirmed, even if there is evidence favoring Plaintiff's side. *Listenbee v. Sec'y of Health and Human Servs.*, 846 F.2d 345, 349 (6th Cir. 1988). Similarly, an administrative decision is not subject to reversal merely because substantial evidence would have supported the opposite conclusion. *Smith v. Chater*, 99 F.3d 780, 781-82 (6th Cir. 1996).

The ALJ, in determining disability, conducts a five-step analysis. Step One considers whether the claimant is still performing substantial gainful activity; Step Two,

whether any of the claimant's impairments are "severe"; Step Three, whether the impairments meet or equal a listing in the Listing of Impairments; Step Four, whether the claimant can still perform his past relevant work; and Step Five, whether significant numbers of other jobs exist in the national economy which the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

### B. The ALJ's Determination

At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 15, 2013. (Tr. 21). At Step Two, the ALJ determined that Plaintiff had the following severe impairments: "degenerative disc disease of the lumbar spine; nominal spondylosis of the cervical spine; polyneuropathy, unclear etiology; chronic obstructive pulmonary disease; emphysema; borderline intellectual functioning (20 CFR 404.1520(c) and 416.920(c))." (Tr. 22). At Step Three, while recognizing that Plaintiff had "severe" impairments, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that "meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 414.1526, 416.920(d), 416.925 and 416.926)." (Tr. 22).

At Step Four, the ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the exertional and non-exertional limitations as follows:

> [N]o climbing of ropes, ladders or scaffolds, occasional climbing of stairs or ramps, occasional stooping, kneeling, crouching or crawling, no aerobic activities such as running or jumping, no work with hands over the head; no aerobic activities such as running or jumping, no work with hands over the

3

> head; no operation of foot pedal controls; no exposure to concentrated dust, gases, smoke, fumes, temperature extremes, excess humidity, concentrated vibration or industrial hazards.

*Id*. Based upon the RFC, the ALJ concluded that Plaintiff was not able to perform his past relevant work. (Tr. 26). Accordingly, the ALJ proceeded to Step Five and found that, considering Plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 27-28). The ALJ therefore concluded that Plaintiff was not under a disability, as defined in the Social Security Act, from November 15, 2013, through the date of decision. (Tr. 28).

### C. Substantial evidence supports the ALJ's decision.

Plaintiff presents three issues on appeal, arguing that: (1) the hypothetical that the ALJ presented to the vocational expert ("VE") did not contain an allowance for Plaintiff's ability to handle and do fine manipulation in light of his upper extremity neuropathy; (2) the ALJ did not properly evaluate Plaintiff's subjective complaints of pain; and (3) the ALJ's determination that Plaintiff is not disabled is not supported by substantial evidence. (Doc. # 11-1 at 2). For the reasons below, the Court disagrees and finds that the ALJ's determination on each of these issues is supported by substantial evidence.

#### 1. *Substantial evidence supports the ALJ's determination that jobs exist in significant numbers in the national economy that Plaintiff can perform.*

Plaintiff first challenges the hypothetical the ALJ posed to the VE, and which the VE relied upon in determining whether jobs that Plaintiff could engage in existed in significant numbers in the national economy. (Doc. # 11-1 at 2). Plaintiff argues that because the ALJ determined that Plaintiff's neuropathy of unknown etiology was severe, the hypothetical posed to the VE should have taken into account Plaintiff's ability to use

his hands. *Id.* at 9-10. At the very least, Plaintiff suggests "there needs to be more development of the record regarding his ability to use his hands and feet." *Id.* at 10.

However, the question before the Court is whether substantial evidence supported the ALJ's hypothetical at the time. *Cutlip*, 25 F.3d at 286. The answer is yes. The hypothetical posed to the VE is based in part on the ALJ's determination of the Plaintiff's RFC. 20 C.F.R. § 416.920(A)(4)(v), (e). And substantial evidence supported an RFC without greater hand and fine manipulation limitations.

Plaintiff's self-reporting of his functioning, where consistent with the third-party function report submitted by Plaintiff's girlfriend, suggest no hand or manipulation limitations. *See* Tr. 248-72 (Exs. 10E and 11E). The record shows that Plaintiff indicates that he can make sandwiches, clean, and do laundry. (Tr. 267). In his assessment, Plaintiff specifically indicated that his "illnesses, injuries, or conditions" did not affect the use of his hands. (Tr. 270). Plaintiff's girlfriend's assessment is similar; Plaintiff cleans his house (Tr. 256), makes sandwiches, uses the microwave, and cleans and does laundry (Tr. 258), and is not limited in the use of his hands by any illness, injury, or condition. (Tr. 261). The ALJ reviewed these documents, in addition to Plaintiff's medical and other records, and determined that Plaintiff's impairments did not extend to his ability to handle and finely manipulate. (Tr. 24-27). Substantial evidence supports the ALJ's hypothetical to the VE, and this assignment of error is **overruled.**

### 2. *Substantial evidence supports the ALJ's evaluation of Plaintiff's subjective complaints of pain.*

A Plaintiff's "[s]ubjective complaints of 'pain or other symptoms shall not alone be conclusive of disability.'" *Arnett v. Comm'r of Soc. Sec.*, 76 F. App'x 713, 716 (6th Cir. 2003 (citing 42 U.S.C. § 423(d)(5)(A)). Thus,

5

> In evaluating subjective complaints of disabling pain, [the] court must first determine whether there is objective medical evidence of an underlying medical condition. If there is, the examination focuses on 1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition, or 2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the disabling pain. Because there are situations where pain symptoms may suggest a greater restriction than can be demonstrated by objective evidence, reasonable conclusions as to one's ability to do work activities can be derived from other information in conjunction with medical evidence.

*Id.* (internal citations omitted). Plaintiff argues that the ALJ was wrong to "discount" Plaintiff's subjective complaints of pain against Plaintiff's own report of his activities of daily living, suggesting that Plaintiff's borderline IQ brings into question the accuracy of Plaintiff's self-reported activities of daily living. (Doc. # 101 at 14).

The ALJ considered Plaintiff's testimony regarding his difficulty breathing, pain in his back, legs, and arm, and the difficulty Plaintiff had in standing, and found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of his impairments and symptoms are not entirely consistent with the medical evidence and other evidence in the record." (Tr. 24). The ALJ noted that Plaintiff's breathing problems related to COPD and emphysema "have improved with treatment," despite Plaintiff's continued smoking against the advice of his treatment providers. (Tr. 24-25). Since December 2014, when a CT scan showed "early changes of pulmonary emphysema," Plaintiff "has received consistent medical management for his COPD from a pulmonologist," and "recent treatment notes suggest an improvement in breathing symptoms." (Tr. 25). By May 2016, Plaintiff was reporting that although he had some "shortness of breath with exertion," he felt "well with regard to resp[iratory] symptoms." *Id.* Despite his continued smoking of one to two packs of cigarettes a day, the records indicate no "frequent exacerbations during the relevant time period and no related emergency room visits." *Id.*

The ALJ also found that the "objective medical evidence shows that the claimant's back and extremity pain is also less limiting than he alleged." *Id*. The medical records show "some evidence of degenerative disc disease at L5-S1, but no spinal stenosis and no evidence of nerve root compromise." *Id*. Plaintiff's lumbar spine showed "only a mild degree of diffuse lumbar spondylosis," and his cervical spine showed "nominal cervical spondylosis with no focal protrusion or fracture." *Id*. Plaintiff's treatment providers "have consistently observed a normal gait and station, no focal neurological deficit, normal cervical and lumbar strength, no cervical trigger points, normal range of motion in all extremities, 5/5 motor strength throughout, intact coordination, intact sensation, and negative straight leg raises." *Id*. Furthermore, the ALJ found that Plaintiff's treatment program has been conservative, consisting mostly of prescriptions from his primary care provider, with two visits to a pain clinic in 2015 but none after these dates. *Id*. Although Plainitff participated in some physical therapy, the records do not indicate injections in his back for pain during the relevant time period, and no doctor has recommended back surgery. (Tr. 26).

Finally, the ALJ found that Plaintiff's report of his activities of daily living, consistent with his girlfriend's third-party submission on Plaintiff's activities of daily living, were "inconsistent with his allegations of debilitating pain and breathing difficulty. *Id.* Thus, the ALJ did not rely only on Plaintiff's activities of daily living, but took a comprehensive look at the objective medical records, to determine that Plaintiff's subjective complaints of pain were not consistent with the medical and other evidence in the record. Accordingly, the ALJ's evaluation of Plaintiff's subjective complaints of pain is supported by substantial evidence and this assignment of error is **overruled.**

7

### 3. *Substantial evidence supports the ALJ's determination Plaintiff is not disabled.*

Plaintiff's final assignment of error argues that "there is not substantial evidence to support the denial of [Plaintiff's] application for [benefits]." (Doc. 3 11-1 at 15). According to Plaintiff, in addition to the severe impairments listed by the ALJ at Step Two, the objective medical evidence shows that Plaintiff also suffers from "sinus tachycardia, hypertension, and depression." *Id.* at 16. As such, "the combined effects of [Plaintiff's] physical and mental impairments, reflect that she[sic] could not perform a wide range of even sedentary work on a regular and sustained basis." *Id.* at 15.

These three statements constitute the entire argument that Plaintiff puts forth in this assignment of error. They do not convince the Court that the ALJ's decision is not supported by substantial evidence. First, Plaintiff's challenge ALJ's decision that Plaintiff's sinus tachycardia and hypertension were non-severe impairments is inconsequential. The Sixth Circuit has reasoned that "the severity determination is 'a de minimus hurdle in the disability determination process.'" *Anthony v. Astrue*, 266 F. App'x 451, 457 (6th Cir. 2008) (quoting *Higgs v. Bowen,* 880 F.2d 860, 862 (6th Cir.1988)). Having determined that other impairments were severe, the analysis over Plaintiff's claims did not stop at Step Two, and the ALJ therefore considered both the severe and nonsevere impairments in the subsequent steps of his analysis. This renders the ALJ's determination that Plaintiff's sinus tachycardia and hypertension were nonsevere "legally irrelevant." *Id.* In addition, Plaintiff offers no reference to any document in the record that would support any finding of depression, as a severe or non-severe impairment.

Plaintiff's next statement—arguing that his combined mental and physical impairments preclude him from any work—is simply an unsupported challenge to the

ALJ's determination of Plaintiff's RFC. Plaintiff appears to ignore that it is his burden to prove disability through Step Four, the ALJ's determination of Plaintiff's RFC. *Jones,* 336 F.3d at 474. Although Plaintiff claims that his combined mental and physical impairments rendered him unable to do any work, Plaintiff failed to produce objective evidence in support of this argument to the ALJ. Instead, the ALJ found that Plaintiff's impairments left him impaired, but cable of light work with specific limitations. (Tr. 24). This was based on the ALJ's review of Plaintiff's history of breathing impairments, including objective medical evidence of the impairments, and treatment programs (Tr. 24-25), back and extremity impairments, the objective medical evidence supporting these impairments, treatment programs, and reports of Plaintiff's functioning abilities (Tr. 25-26), Plaintiff's IQ testing and scores (Tr. 26), and State agency consultants opining on Plaintiff's functional capabilities. (Tr. 26). "Substantial evidence review comes to this: Did the ALJ use 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion'?" *Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 904 (6th Cir. 2016) (quoting *Richardson v. Perales,* 402 U.S. 389, 401 (1971)). The ALJ's comprehensive analysis of the issues raised by Plaintiff "satisfies this modest standard." *Id.*

In the end, Plaintiff is asking this Court to ignore the medical evidence and the ALJ's determination of Plaintiff's credibility concerning the intensity, persistence, and limiting effects of his impairments. However, this is tantamount to requesting a *de novo* review of the record, a task far beyond the Court's limited role in determining whether the ALJ's finding is supported by substantial evidence. *See Roberts v. Astrue*, No. 1:09-01518, 2010 WL 2342492, at *9 (N.D. Ohio June 9, 2010). Substantial evidence exists to support the ALJ's decision, and the Court's review must stop there.

## III. CONCLUSION

Accordingly, for the reasons stated herein,

**IT IS ORDERED** as follows:

(1) The decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED**;

(2) Plaintiff's Motion for Summary Judgment (Doc. # 11) is hereby **DENIED**;

(3) Defendant's Motion for Summary Judgment (Doc. # 13) is hereby **GRANTED;** and

(4) A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

This 27rd day of April, 2018.



Signed By:
David L. Bunning
United States District Judge

K:\DATA\SocialSecurity\MOOs\London\17-237 Gregory MOO.docx